IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )         4:01CR3048
                             )
      v.                     )
                             )
SCHUYLER TAFOYA,             )         MEMORANDUM OPINION
                             )
            Defendant.       )
_____)
```

This matter is before the Court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (Filing No. 104). This motion was filed on December 1, 2005. This is the defendant's second motion under 28 U.S.C. § 2255, having filed his previous motion on December 7, 2004 (Filing No. 85), which was denied by this Court on February 10, 2005 (Filing Nos. 88 and 90).

The defendant's current § 2255 motion constitutes a "second or successive motion" within the meaning of 28 U.S.C. § 2255. 28 U.S.C. § 2255; see *United States v. Nicholson*, 231 F.3d 445, 454 (8th Cir. 2000); see also *United States v. Allen*, 157 F.3d 661, 664 (8th Cir. 1998); and *Vancleave v. Norris*, 150 F.3d 926, 927-29 (8th Cir. 1998). A petitioner seeking to file a second or successive § 2255 motion challenging their conviction or sentence must first obtain circuit court certification. 28 U.S.C. § 2255 (2001); *Allen*, 157 F.3d at 664; *U.S. v. Arnold*, 2001 WL 435648 at 1 (D.Minn. 2001). Because the defendant has

not received approval from the Eighth Circuit to file a second or successive § 2255 motion, the Court lacks jurisdiction over his claims.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Allen*, at 664; *United States v. Alvarez-Ramirez*, 128 F.Supp.2d 1265, 1267 (C.D.Cal. 2001).

The Court notes that defendant's motion relies upon his claim that the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), should apply retroactively to cases on collateral appeal.  This claim is without merit because the Eighth Circuit Court of Appeals has concluded that Booker does not apply to cases on collateral appeal.  *See Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005)(per curiam).  As the Court does not have jurisdiction, defendant's motion will be denied without prejudice.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 21st day of December, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court