IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:01CR3048 |
| | ) | |
| v. | ) | |
| | ) | |
| SCHUYLER TAFOYA, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motions to reduce sentence and request for evidentiary hearing and oral argument (Filing Nos. 130 and 133). The defendant seeks a full resentencing hearing, taking into consideration the decisions of the United States Supreme Court in *Booker, Rita, Gall* and *Kimbro*. The government agrees in its brief (Filing No. 135) that defendant is entitled to a two-level reduction in his base offense level and an additional adjustment proportional to the reduction he received in his current sentence due to this Court's granting of his motion for downward departure.

The Court does not concur with the defendant in his request that he is entitled to a full resentencing hearing. Modification and reduction of his sentence is the result of the United States Sentencing Commission's modification of the guidelines as they refer to crack cocaine. Section 1B1.10(a)(3) provides:

> Limitation. Consistent with
> subsection (b), proceedings under

>   18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

In addition, § 1B1.10(b)(1) provides:

>   <u>In General.</u>  In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

The covered amendments identified in Subsection (c) do not provide for a full resentencing hearing.  For the foregoing reasons, the Court will deny defendant's motion for a full resentencing hearing.

The Court finds defendant's offense level should be adjusted from 38 to 36, which, with a criminal history of III, results in a guideline range of 235 to 293 months.  As the Court has previously reduced the guideline sentence by eighteen per cent (18%), the Court again will reduce the 235 months by eighteen per cent (18%) or 47 months.  Accordingly,

IT IS ORDERED:

1) Said motions to reduce sentence are granted. No evidentiary hearing will be held. The sentence of the defendant is reduced to one hundred eighty-eight (188) months. Defendant shall receive credit for all time he has served to date.

2) The conditions of supervised release entered in the original judgment and committal order remain in full force and effect.

DATED this 8th day of January, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court